*Mem.* — SHEPLEY J. having been of Counsel during the pendency of this and the four following cases did not sit in the hearing, or determination thereof.

## MOSES HUBBARD *vs.* JAMES HUBBARD.

On a recovery in an action for *cutting wood and timber without notice*, brought by one tenant in common against another, under statute of 1821, *c.* 35, to prevent tenants in common, &c. from committing waste, the plaintiff is entitled to treble the whole amount of the damage done to the land, inclusive of that done to the share therein owned by the defendant.

On the trial of such action, it is not necessary for the plaintiff to prove who the other co-tenants are.

TRESPASS by one tenant in common against another for strip and waste, under the *stat.* 1821, *c.* 35, § 2. On the trial before WESTON C. J., it appeared that the land had been divided into sixteen and an half shares. The plaintiff failed in showing title in himself to but four shares, and the defendant failed of proving title in himself to more than ten and an half shares. Each party claimed to be the owner of the other two shares, and it did not appear that any other person made any claim or had any title thereto. The defendant contended, that the plaintiff must show who were the owners of the other two shares, or they must be considered as the property of the defendant under this issue, and requested the Chief Justice so to charge the jury. The instruction was not given. The defendant also contended, that if the verdict should be for the plaintiff, that he was not entitled to recover any damages for an injury done

by the defendant to his own land, and that there should be a deduction from the amount of the damages to the whole land equal to the proportion of the premises owned by the defendant. The Chief Justice directed a verdict to be returned for single damages for all the injury to the whole land owned in common, including the shares owned by the defendant. The jury returned a verdict for the plaintiff assessing the damages at fifty dollars, which was to be amended by the Court by deducting ten and an half out of sixteen and an half parts, or the verdict set entirely aside, if the justice of the case required.

*J. Shepley* and *Burleigh*, for the defendant, argued : —

1. That although the statute provides, that the plaintiff need not name the other co-tenants in the writ, it does not dispense with the necessity of proving who they are, and how much they own on the trial. The construction contended for by the plaintiff in its practical operation would take the value of the land in the possession of the defendant, and transfer it to the plaintiff, who had never been in possession, and who owned but a small share. Shall the man who first sues, have this advantage ? The general principles are against it, and the statute does not give it. The plaintiff should be holden to prove, that there are other co-tenants.

2. The very term *damages* in the statute implies, that the amount to be recovered, cannot include the defendant's own interest therein. The statute is a highly penal one even on our construction, and should be construed strictly. Neither the language, nor the spirit, of the statute justify the extremely iniquitous and absurd consequences which would follow from adopting the construction contended for against us. On their principle, where one party owns four hundred ninety-nine five hundredths, and the other one five hundredth, and the principal owner cuts timber without notice to the value of $500, which would *damage* the other owner to the amount of $1 ; if the action be brought by the latter he would recover and receive to his own use $1500, for an injury of one dollar. Reverse the parties, and let the action be brought by the principal proprietor, and he recovers no more.

*Hayes & Cogswell*, and *J. Hubbard*, for the plaintiff.

As to the first objection, the statute says expressly, that it shall not be necessary to name the other co-tenants in the writ. It fol-

lows from this, that they are not bound to prove who they are, for it is only necessary to prove the allegations in the writ to support the action.

As to the second, the words, "forfeit and pay treble damages," apply to the whole injury done to the land, and is intended as a punishment for cutting under such circumstances. The various colonial and *Massachusetts* statutes on this subject were cited and commented on, and from thence they drew the conclusion, that the tenant in common thus cutting was to be considered a trespasser throughout. *Reed* v. *Davis*, 8 *Pick.* 514; *Newcombe* v. *Butterfield*, 8 *Johns. R.* 342.

The case was continued for advisement, and the opinion afterwards drawn up by

WESTON C. J. — The statute of 1821, *c.* 35, gives this action to any one of the tenants in common injured, in his own name; and relieves him from the necessity of stating in his declaration the co-tenants, other than the defendant. And we think, that as he need not aver who the other co-tenants are, he cannot be required to furnish proof upon this point. This provision of the statute must have been intended to obviate any difficulty, which he might have to encounter, in deducing and establishing the title of the other co-tenants.

The statute is penal, and therefore not to be extended by construction, but effect is to be given to it, according to the plain and obvious meaning of the language used, however severely it may operate upon the delinquent party. By the treble damages, we are of opinion, must be understood three times the injury, done to the common property by the strip and waste made by the defendant. He is expressly by statute, as the wrongdoer, excluded from receiving any part of these damages. One moiety is given to the tenant, who brings the action, and the residue to the co-tenants, other than the defendant, according to their respective proportions in the common property. A tenant may enter upon and use the common property, by giving due notice to his co-tenants, without incurring a penalty. If he presumes to strip the land, without giving such notice, he does it at the peril of being held to pay the penal damages, imposed by the statute.

The jury having settled the single damages, judgment is to be rendered for the plaintiff for three times that amount.